## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| DAVID MASON, Individually and for Others Similarly Situated,<br><br>            Plaintiffs,<br>v.<br><br>MASTEC SERVICES COMPANY, INC., MASTEC NETWORK SOLUTIONS, LLC<br><br>            Defendants. | Case No. _____<br><br><br><br>Class and Collective Action |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1.      MasTec Services Company, Inc. and MasTec Network Solutions, LLC (collectively "MasTec") failed to pay David Mason (Mason), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and the Maryland Wage & Hour Law, Maryland Labor & Employment Code (MWHL).

2.      Instead, MasTec paid Mason and other workers like him a salary with no overtime compensation when working more than 40 hours a week.

3.      Mason bring this lawsuit this as a collective action under the FLSA. 29 U.S.C. § 216(b) to recover unpaid overtime and other damages.

4.      Mason brings this lawsuit as a class action under FED R. CIV. P. 23 to recover unpaid overtime and other damages pursuant to the Md. L&E Code.

### JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.     The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

8.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because Mason worked for MasTec in this District and Division.

## THE PARTIES

9.     Mason was employed by MasTec as an inspector from approximately February 2016 until February 2017.

10.    He regularly worked in excess of 40 hours a week without receiving overtime pay. His written consent is attached as **Exhibit A**.

11.    Mason brings this action on behalf of himself and all other similarly situated salaried employees under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Mason and is properly defined as:

> **All salaried Inspectors employed by MasTec during the past 3 years (the "FLSA Class Members").**

The members of the FLSA Class are easily ascertainable from MasTec's business and personnel records.

12.    Mason brings this action individually and on behalf of

> **All salaried Inspectors employed by MasTec in Maryland during the past 3 years (the "Maryland Class Members").**

13.    The Maryland Class Members are easily ascertainable from MasTec's business and personnel records.

14.    Collectively, the FLSA Class Members and the Maryland Class Members are referred to as the Putative Class Members.

15.     Defendant **MasTec Services Company, Inc.** is a Florida company doing business throughout the United States, including Maryland.

16.     Defendant **MasTec Network Solutions, LLC** is a Florida company doing business throughout the United States, including Maryland.

17.     Defendants MasTech Services Company, Inc. and MasTech Network Solutions, LLC operate under the MasTech brand umbrella throughout the United States. *See* https://www.mastec.com/about/entities (Last visited January 31, 2020).

18.     MasTec is covered by the FLSA and MWHL and has been during the applicable statute of limitations. MasTec is therefore obligated to pay its non-exempt employees overtime under the FLSA.

19.     MasTec Services Company, Inc. may be served through its registered agent: **Corporate Creations Network Inc., #700, 2 Wisconsin Cir., Chevy Chase, MD 20815**.

20.     MasTec Network Solutions, LLC may be served through its registered agent: **CSC – Lawyers Incorporating Service Company, 7 St. Paul St., Suite 820, Baltimore, MD 21202**.

COVERAGE UNDER THE FLSA

21.     At all relevant times, MasTec was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22.     At all relevant times, MasTec was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23.     At all relevant times, MasTec was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell

phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

24.     At all relevant times, MasTec had an annual gross volume of sales made in excess of $1,000,000.

25.     At all relevant times, Mason and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## THE FACTS

26.     MasTec is a full-service Infrastructure, Construction Company centering on most facets of the telecommunications industry.

27.     To provide these services, it employs Inspectors.

28.     MasTec hired Mason as an Inspector in approximately February 2016.

29.     Mason worked for MasTec as an Inspector in Columbia, Maryland.

30.     Mason would conduct inspections of telecommunications towers owned by MasTec's customer, AT&T.

31.     Mason left MasTec's employment near the end of March 2017.

32.     MasTec's inspectors, including Mason, perform routine activities which are largely governed by standardized plans and checklists created by MasTec.

33.     Every element of an inspector's job was predetermined by MasTec or MasTec's customer, including the schedule of the inspector's work and related work duties.

34.     No advanced degree is required to become an inspector for MasTec. In fact, MasTec regularly hires inspectors who only have a high-school diploma.

35.     Being an inspector is not work requiring specialized academic training as a standard prerequisite.

36.     To the extent inspectors make "decisions," the decisions do not require the exercise of independent discretion and judgment.

37.     Instead, inspectors apply well-established procedures.

38.     Inspectors are not permitted to deviate from established guidelines and partners.

39.     Inspectors attended mandatory meetings and workshops which outlined their duties.

40.     With these job duties, inspectors are clearly **non-exempt** under the FLSA.

41.     All of MasTec's inspectors work long hours in excess of 40 hours a week.

42.     Inspectors were required to regularly work 12 hours in a day, and more than 70 hours in a week.

43.     MasTec does not pay its inspectors overtime for hours worked in excess of 40 in a workweek.

44.     Instead, MasTec pays inspectors a base salary.

45.     Mason and the Putative Class Members worked for MasTec as inspectors over the past three years throughout the United States, including Maryland.

46.     As a result of MasTec's pay policies, Mason and the Putative Class Members were denied the overtime pay required by federal law.

47.     MasTec keeps accurate records of the hours, or at least days, its inspectors work.

48.     It also keeps accurate records of the amount of pay inspectors receive.

49.     Despite knowing the FLSA's requirements and that its inspectors regularly worked more than 40 hours in a workweek, MasTec does not pay them overtime

50.     However, MasTec did not pay Mason and Maryland Class Members the overtime premiums required by Maryland law for hours worked in excess of 40 in a workweek.

51.     Instead, MasTec paid Mason and Maryland Class Members a base salary.

52.     Mason and Maryland Class Members were misclassified as exempt from overtime pay.

53.     Rather than receiving time and half for hours worked in excess of 40 in a workweek as required by the Md. L&E Code, Mason and Maryland Class Members only received a base salary.

54.     This misclassification violates the Md. L&E Code.

### FIRST CAUSE OF ACTION –
### VIOLATION OF THE FLSA

55.     Mason incorporates the preceding paragraphs by reference.

56.     As set forth herein, MasTec violated the FLSA by failing to pay Mason and the Putative Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

57.     At all relevant times, MasTec has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

58.     MasTec employed Mason and each Putative Class Member.

59.     MasTec's pay policy denied Mason and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

60.     MasTec owes Mason and the Putative Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

61.     MasTec knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Mason and the Putative Class Members is willful.

62.     Due to MasTec's FLSA violation, Mason and the Putative Class Members are entitled to recover from MasTec their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## SECOND CAUSE OF ACTION –
### FAILURE TO PAY OVERTIME WAGES AS REQUIRED BY THE MWHL

63.     The MWHL requires that workers employed in the State of Maryland be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half (1 ½) times the usual hourly wage at which he is employed. *See* MWHL § 3-415.

64.     MasTec violated the MWHL by failing to pay Watkins and the Maryland Class Members at one and one-half times their usual rates of pay for hours they worked in Maryland in excess of 40 in any workweek. *See* MWHL § 3-415.

65.     Accordingly, Watkins and the Maryland Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court. *See* MWHL §§ 3-415, 3-427.

## COLLECTIVE ACTION ALLEGATIONS

66.     Mason incorporates all previous paragraphs and alleges that the illegal pay practices MasTec imposed on Mason were likewise imposed on the Putative Class Members.

67.     In addition to Mason, MasTec employed other inspectors who worked over forty hours per week with no overtime pay, were paid a salary, and were classified – improperly – as exempt employees. These Putative Class Members performed the job duties described above and they were subjected to the same unlawful policies which constitutes a willful violation of the FLSA.

68.     The Putative Class Members are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Mason and the Putative Class Members are similarly situated in all relevant respects.

69.     MasTec's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any Putative Class Members.

70.     Mason's experiences are typical of the experiences of all Putative Class Members.

71.     Mason has no interest contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the proposed classes, Mason has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

72.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

73.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

CLASS ACTION ALLEGATIONS

74.      Mason brings this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure asserting violations of Maryland state overtime laws, as specified in paragraphs 59-61, *supra*.

75.     <u>Numerosity</u>: The proposed state law class is so numerous that joinder of all members is impracticable. Mason is informed and believes, and on that basis allege, that during the relevant time period, MasTec employed dozens of people who satisfy the definition of each state law class.

76.     <u>Typicality</u>: Mason's claims are typical of the members of the state law class he seeks to represent.  Mason is informed and believe that others in their positions (and/or positions similar thereto), routinely worked more than 40 hours per week during the relevant class periods, without being paid overtime, in violation of the FLSA and applicable state law.  Mason, like the state law class members he seeks to represent, was subject to MasTec's policy and practice of paying salary to non-exempt inspectors.

77.     <u>Superiority</u>: A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal

8

court against large corporate defendants and fear retaliation. Prosecuting dozens of identical, individual lawsuits does not promote judicial efficiency or equity and consistency in judicial results.

78.     <u>Adequacy</u>: Mason will fairly and adequately protect the interests of the state law class members and have retained counsel experienced in complex wage and hour class and collective action litigation.

79.     <u>Commonality</u>: Common questions of law and fact exist to all members of each of the proposed state law classes and predominate over any questions solely affecting individual class members, including but not limited to:

- What were MasTec's policies and/or practices for paying overtime for overtime work?

- Did MasTec have and implement a policy and/or practice whereby MasTec failed to pay its salaried inspectors for overtime work at the legally required overtime rate, namely time and a half or double their regular rates?

- Was MasTec's decision to classify the members of the Maryland Class as exempt made in good faith?

- Were MasTec's violations of MWHL willful?

- Were MasTec's illegal pay practices applied uniformly across Maryland to all members of the class?

### JURY TRIAL

80.     Mason demand a trial by jury.

### PRAYER

81.     Mason prays for relief as follows:

a.      An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

b.      An order allowing this action to proceed as a Rule 23 class action under the MWHL;

c.      Judgment awarding Mason and Putative Class Members all unpaid overtime compensation, liquidated damages, interest, penalties, attorneys' fees and costs as provided under the FLSA;

d.      Judgment awarding Mason and Putative Class Members all unpaid overtime compensation, liquidated damages, interest, penalties, attorneys' fees and costs as provided under Maryland state law;

e.      An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f.      All such other and further relief to which Mason, and the FLSA and Maryland Class Members, may show themselves to be justly entitled.

Respectfully submitted,

By: _/s/ Taylor A. Jones_
        **Taylor A. Jones**
        Maryland Bar No. 20049
        **Michael A. Josephson**
        Texas Bar No. 24014780
        **Andrew Dunlap**
        Texas Bar No. 24078444
        **JOSEPHSON DUNLAP LLP**
        11 Greenway Plaza, Suite 3050
        Houston, Texas 77046
        713-352-1100 – Telephone
        713-352-3300 – Facsimile
        tjones@mybackwages.com
        mjosephson@mybackwages.com
        adunlap@mybackwages.com

        **AND**

        **Richard J. (Rex) Burch**
        Texas Bar No. 24001807
        **BRUCKNER BURCH PLLC**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        713-877-8788 – Telephone
        713-877-8065 – Facsimile
        rburch@brucknerburch.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**